IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS POPE, | Case No. 3:21-cv-00273-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| WILSONVILLE T LLC, dba Wilsonville Toyota, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Thomas Pope ("Pope") brings this diversity action against his employer, Wilsonville T LLC, doing business as Wilsonville Toyota ("Defendant"), alleging claims for assault, battery, intentional infliction of emotional distress ("IIED"), invasion of privacy, and negligence. Defendant now moves to dismiss Pope's first amended complaint ("FAC") pursuant to FED. R. CIV. P. 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court grants Defendant's motion to dismiss.

///

///

# BACKGROUND[1]

This case arises from a January 31, 2021 workplace altercation between Pope and John Scott Payne ("Payne"), both of whom worked at Defendant's car dealership in Clackamas County, Oregon. (FAC ¶¶ 3-4.) Pope and Payne's altercation took place inside Defendant's showroom and while Payne was "acting in the scope and course of his capacity as an employee of [D]efendant." (FAC ¶¶ 4-5.) During the altercation, Payne called Pope "a bitch, then in front of five [other] employees and two managers, poured a full can of energy drink on [Pope] while [he] was sitting at his desk." (FAC ¶ 5.) While continuing to "act[] in the scope and course of his capacity as an employee of [D]efendant," Payne then "circled [Pope] in an aggressive manner, and later raised his shirt to display a black firearm to [Pope]." (FAC ¶ 6.)

Pope alleges that Defendant "attempted to cover up" the altercation by giving "false statements to the police officer investigating the incident." (FAC ¶ 7.) Pope also alleges that prior to January 31, 2021, Defendant failed adequately to "screen [Payne] for employment before allowing him in the workplace"; Defendant "had notice that [Payne] behaved inappropriately in the workplace"; and Payne had warned Pope "not to sit in a particular desk in the showroom that [Payne] considered his, [even though] there is not assigned seating in the showroom." (FAC ¶¶ 6-7.)

Based on these events, Pope filed this action against Defendant on February 19, 2021, alleging five state law claims premised on actions that Payne took "in his capacity as an employee of [D]efendant and within the scope and course of his employment[.]" (FAC ¶¶ 8-12.) Defendant's motion to dismiss followed, and the Court took the motion under advisement on May 5, 2021. (ECF No. 13.)

---

[1] "The following facts are alleged in the [operative] complaint and taken as true for the purposes of a motion to dismiss." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1024 (9th Cir. 2021).

# DISCUSSION

## I. LEGAL STANDARDS

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (simplified).

## II. DEFENDANT'S MOTION TO DISMISS

Defendant presents two primary arguments in support of its motion to dismiss. First, Defendant argues that the Court should dismiss Pope's state law claims with prejudice because they are barred by the Oregon Workers' Compensation Act's ("OWCA") exclusive remedy provision.[2] (Def.'s Mot. to Dismiss at 2.) Second, Defendant argues that the Court should dismiss Pope's fourth claim for relief, styled as a claim for invasion of privacy, because Pope's allegations "do[] not meet the definition of an 'intrusion upon seclusion.'" (*Id.*)

As explained below, the OWCA's exclusivity provision bars all of Pope's claims, and therefore the Court grants Defendant's motion to dismiss.

///

///

---

[2] "Exclusivity provisions in state workers' compensation laws do not divest federal courts of diversity jurisdiction." *Rios v. Premier Automation Contractors, Inc.*, No. 3:19-cv-02016-AC, 2020 WL 6846049, at *3 (D. Or. May 20, 2020) (simplified).

### A. Applicable Law

The OWCA's exclusive remedy provision, OR. REV. STAT. § 656.018(1)(a), "generally makes an employer that satisfies its insurance obligations for subject workers immune from civil liability for injuries to a worker arising out of the worker's employment." *Nancy Doty, Inc. v. WildCat Haven, Inc.*, 439 P.3d 1018, 1019 (Or. Ct. App. 2019); *see also* OR. REV. STAT. § 656.018(1)(a) ("The liability of every employer who satisfies the duty required by [OR. REV. STAT. §] 656.017(1) is exclusive[.]"). This provision bars "most tort claims against employers for on-the-job injuries covered by the workers' compensation laws[,]" *Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 869, 873 (D. Or. 2020), including "injuries arising out of workplace assault which grows out of quarrels at work, whether or not the subject matter of the quarrel is or is not directly related to work." *McCallum v. Boise Cascade, LLC*, No. 3:06-cv-01834-ST, 2008 WL 4279810, at *15 (D. Or. Sept. 12, 2008) (citing *Redman Indus., Inc. v. Lang*, 943 P.2d 208, 213 (Or. 1997)); *see also Redman*, 943 P.2d at 213 (explaining that a claimant's "injury arises out of employment if the risk of injury results from the nature of the claimant's work or from the work environment," and stating that the relevant inquiry "does not require that the motivation for a co-employee's assault be an argument over job performance or some other work-related factor").

There are exceptions to the OWCA's exclusive remedy provision. For example, "[t]he exclusive remedy [provision] does not bar tort claims for injuries resulting from the 'deliberate intention of the employer of the worker to produce such injury.'" *Miller*, 434 F. Supp. 3d at 874 (quoting OR. REV. STAT. § 656.156(2)). The Oregon Supreme Court has interpreted this exception "as requiring that 'the employer must have determined to injure an employee and used some means appropriate to that end; [in other words,] there must be a specific intent, and not merely carelessness or negligence, however gross.'" *Id.* (quoting *Kilminster v. Day Mgmt. Corp.*,

919 P.2d 474, 481 (Or. 1996)). Although "[a] specific intent to produce an injury may be inferred from the circumstances[,] . . . the [allegations] must support a reasonable inference that the employer wished to injure the worker." *Id.* (simplified); *see also Goings v. CalPortland Co.*, 382 P.3d 522, 525 (Or. Ct. App. 2016) (noting that *Kilminster* explained "what a plaintiff must establish to bring a claim within the 'deliberate intention' exception," and holding that the plaintiff's complaint adequately invoked the exception because the plaintiff "included allegations from which a factfinder could infer a specific intent to produce an injury: the plaintiff alleged that serious injury to or death of a worker was *certain to occur*, that the employer failed to take requisite safety precautions or buy requisite safety equipment, and that the employer instructed decedent to climb the tower while *knowing* that a worker who climbed the tower *would* fall and be hurt") (simplified).

    **B.**    **Analysis**

        **1.**    **OR. REV. STAT. § 656.017(1)**

As a threshold matter, Pope argues that the Court "cannot grant" Defendant's motion to dismiss because nothing in the record reflects that Defendant satisfied its duty under OR. REV. STAT. § 656.017(1) to maintain workers' compensation insurance or qualify as a self-insured employer. (Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 10.) Defendant responds that it is a matter of public record that Defendant maintains active workers' compensation coverage and thus has satisfied its duty under OR. REV. STAT. § 656.017(1), and asks the Court to take judicial notice of these public records from the Department of Consumer and Business Services ("DCBS") website. (Def.'s Reply at 2.)

It is well settled that a court may take judicial notice of "matters of public record" and facts that are "'not subject to reasonable dispute in that [they are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Pineda v.*

PAGE 5 – OPINION AND ORDER

*Wells Fargo Bank, NA*, 695 F. App'x 316, 316-17 (9th Cir. 2017) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), and quoting FED. R. EVID. 201(b)). For example, in *Pineda*, the Ninth Circuit held that a "district court did not abuse its discretion by taking judicial notice of facts concerning [a] defendants' corporate name changes and mergers located on the Federal Deposit Insurance Corporation website," and in *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010), the Ninth Circuit took "judicial notice of official information posted on a governmental website, the accuracy of which was not factually challenged." *Pineda*, 695 F. App'x at 316-17.

The declaration Defendant filed in support of its request for judicial notice reflects, and the Court's review of the public record has confirmed, that Defendant has active workers' compensation coverage, as required by OR. REV. STAT. § 656.017(1). (*See* Decl. of Chad Naso ("Naso Decl.") Ex. 1 at 1-2; *see also* Naso Decl. ¶ 2, explaining that Wilsonville T LLC's coverage status is available on the DCBS website, at https://www4.cbs.state.or.us/exs/wcd/cov/). Consistent with the authorities above, the Court grants Defendant's request to take judicial notice of its active workers' compensation coverage on the DCBS website, and rejects Pope's argument that there is no evidence from which the Court can ascertain that Defendant satisfied its duty under OR. REV. STAT. § 656.017(1).[3]

### 2. "Compensable Injury"

Pope argues that "none of his claims" are subject to the exclusive remedy provision because he "does not allege any 'compensable injury,'" i.e., an injury "resulting from an accident

---

[3] In his response, Pope argues that Defendant may not "raise facts for the first time in its reply pertaining to satisfaction of its duties" under OR. REV. STAT. § 656.017(1), because it is improper to raise new issues or facts in a reply brief. (Pl.'s Resp. at 25 n.7.) Pope's argument lacks merit, as Defendant was entitled to respond to the arguments Pope raised in his response. In any event, the Court could have taken judicial notice of these public records on its own motion, regardless of whether Defendant asked the Court to do so. *See* FED. R. EVID. 201(c)(1).

PAGE 6 – OPINION AND ORDER

that required medical services or that resulted in disability or death or that was established by medical evidence supported by objective findings[.]" (Pl.'s Resp. at 18.) The Court disagrees and concludes that Pope's claims are subject to the exclusive remedy provision regardless of whether Pope's claims are "compensable."

Pope's argument that the exclusive remedy provision requires a compensable injury disregards the statute's plain language: "The exclusive remedy provision[] . . . appl[ies] to all injuries and to diseases, symptom complexes or similar conditions of subject workers arising out of and in the course of employment *whether or not they are determined to be compensable under this chapter*."[4] OR. REV. STAT. § 656.018(7) (emphasis added); *see also Merten v. Portland Gen. Elec. Co.*, 228 P.3d 623, 627 (Or. Ct. App. 2010) ("That exclusive remedy provision applies irrespective of whether the claimant prevails in establishing that a compensable injury or occupational disease occurred." (citing OR. REV. STAT. § 656.018(7))).

Pope correctly notes that in *Merten*, the Oregon Court of Appeals recognized that there is an exception to the exclusive remedy provision for certain non-compensable negligence claims. *See Merten*, 228 P.3d at 627 (noting that OR. REV. STAT. § 656.019 "permit[s] plaintiffs to bring civil negligence actions for work-related conditions that fail to meet the burden of proof required by ORS chapter 656"). The relevant statute, however, provides that (1) the exception for negligence claims applies if "a work-related injury . . . has been determined to be not compensable" by the Workers' Compensation Board ("WCB"), and "only after an order determining that the claim is not compensable has become final," and (2) "[t]he injured worker

---

[4] Pope does not dispute that his injuries arose out of and in the course of his employment. (*See* Pl.'s Resp. at 16, "For the purposes of this motion . . . , [Pope] is not currently arguing that his injuries did not arise out of or in the course of employment."; FAC ¶¶ 8-12, "At all times, . . . Payne's treatment of [Pope] as alleged in this [FAC] was in his capacity as an employee of defendant and within the scope and course of his employment[.]").

PAGE 7 – OPINION AND ORDER

may appeal the compensability of the claim as provided in [OR. REV. STAT. §] 656.298, but may not pursue a civil negligence claim against the employer until the order affirming the denial has become final." OR. REV. STAT. § 656.019(1). Importantly, Pope acknowledges that he has not yet submitted a workers' compensation claim for his alleged injuries. (*See* Pl.'s Resp. at 23 n.6, arguing that Pope "should be allowed to submit a workers' compensation claim"). Thus, Pope has not satisfied the statutory prerequisites for bringing a negligence claim for a work-related injury that the WCB has determined is not compensable.

Pope also argues that his state law claims, which "seek[] noneconomic and emotional distress damages," are like the plaintiff's fraud claim in *Merten*, where the Oregon Court of Appeals "held that because the plaintiff did not suffer a compensable injury . . . , but instead asserted a common law fraud claim seeking 'a remedy for noneconomic and economic damages,' the plaintiff's claim was not 'subject to the workers' compensation exclusive remedy statute.'" (Pl.'s Resp. at 13-15, quoting *Merten*, 228 P.3d at 628). The Court disagrees.

In *Merten*, the Oregon Court of Appeals found that the plaintiff's fraud claim—which was premised on an allegation that his employer's "fraudulent representations denied him an opportunity to seek a remedy from the workers' compensation system"—was an "injury [that was] not a 'compensable injury,' as defined by [OR. REV. STAT. §] 656.005(7)," noting that the plaintiff alleged "damages [that] were caused by [the] defendant's intentional non-work-related conduct," and sought a remedy for "noneconomic and economic damages." 228 P.3d at 628. Notably, the Oregon Court of Appeals held that the relevant inquiry "turn[ed] on whether the injury for which [the] plaintiff [sought] recovery arose out of and in the course of his employment," and that the "plaintiff allege[d] fraud, which did not arise out of and in the course of [the] plaintiff's employment." *Id.* at 627. In contrast here, Pope does not dispute that his

alleged injuries and damages arose out of and in the course of his employment. (*See* Pl.'s Resp. at 16, "For the purposes of this motion and Mr. Pope's response to this motion, he is not currently arguing that his injuries did not arise out of or in the course of employment."; FAC ¶¶ 8-12, "At all times, . . . Payne's treatment of [Pope] as alleged in this [FAC] was in his capacity as an employee of defendant and within the scope and course of his employment[.]"). Accordingly, Pope's claims are distinguishable from the plaintiff's fraud claim in *Merten*, and *Merten* does not allow Pope to avoid the OWCA's exclusive remedy provision.

In sum, the Court finds that all of Pope's claims are subject to the OWCA's exclusive remedy provision regardless of whether he alleges a "compensable injury."

### 3. The "Deliberate Intention of the Employer" Exception

Pope also argues that the Court should deny Defendant's motion because his intentional tort claims (i.e., the assault, battery, IIED, and invasion of privacy claims, but not the negligence claim) fall within the boundaries of the "deliberate intention of the employer" exception to the exclusive remedy bar. (Pl.'s Resp. at 18; *see also* Pl.'s Resp. at 23 n.6, addressing the negligence claim).

The "exclusive remedy rule does not bar tort claims for injuries resulting from the 'deliberate intention of the employer of the worker to produce such injury.'" *Miller*, 434 F. Supp. 3d at 874 (ellipses omitted) (quoting OR. REV. STAT. § 656.156(2)). This "requirement of deliberate intention under [OR. REV. STAT. §] 656.156(2) precludes vicarious employer liability." *Id.* There are "three theories by which a corporate defendant may be directly liable under [OR. REV. STAT. §] 656.156(2)," including when "a corporation . . . ratifies an employee's ongoing course of conduct." *Id.* (citing *Palmer v. Bi-Mart Co., Inc.*, 758 P.2d 888, 891-92 (Or. Ct. App. 1988)).

In invoking the "deliberate intention of the employer" exception, Pope relies on a theory that Defendant ratified Payne's ongoing course of conduct, as discussed in the Oregon Court of Appeals' decision in *Palmer*. (Pl.'s Resp. at 20.) Pope argues that his allegations plausibly suggest that Defendant ratified Payne's conduct because he alleges that (1) Defendant "had prior notice that [Payne] behaved inappropriately in the workplace," (2) after January 31, 2021, Defendant "attempted to cover up the incident alleged in [the FAC by giving] false statements to the police officer investigating the incident," and (3) Defendant is "directly liable" for Payne's conduct. (Pl.'s Resp. at 20, quoting FAC ¶¶ 7-12.)

In *Palmer*, the plaintiff filed an action against her employer alleging, among other things, an IIED claim. *Palmer*, 758 P.2d at 889. In support of this claim, the plaintiff alleged that her "supervisor engaged in a course of harassment of [the plaintiff] verbally and through notes, including notes with abusive and sexually explicit wording," and that she complained to her employer's "management, but it did not remedy the situation." *Id.* at 889-90. On appeal, the employer argued that the exclusivity provision barred the plaintiff's IIED claim because "the facts alleged by [the] plaintiff [did] not show a deliberate intention by [the employer] to cause harm to [the] plaintiff." *Id.* at 891. The Oregon Court of Appeals held the claim was not barred, because "[t]he facts [were] sufficient to support an inference that [the plaintiff's] supervisor had a specific intent to harm her." *Id.* In so holding, the Oregon Court of Appeals explained that the relevant question was "whether the conduct of [the] supervisor can be ascribed to [the employer]," and emphasized that the plaintiff "allege[d] that [her employer] failed to stop a continuing course of intentional conduct aimed specifically at [the] plaintiff after being informed of it." *Id.* at 891-92. The Oregon Court of Appeals added that such allegations, "[i]f proven,"

were "sufficient to permit a jury to find that the supervisor's actions reflect[ed] the deliberate intent of the employer." *Id.* at 892.

As here, the plaintiff in *Miller* also argued that "the allegations in his complaint [were] enough like the facts in *Palmer* as to avoid dismissal" under FED. R. CIV. P. 12(b)(6). *Miller*, 434 F. Supp. 3d at 877. The *Miller* court disagreed, and held that the plaintiff's complaint did "not state a ratification claim under *Palmer*." *Id.* In so holding, the *Miller* court emphasized that (1) "dismissal of [the plaintiff's intentional misconduct] claim [was] warranted not because [the complaint] lack[ed] the word 'ratification' but because it fail[ed] to allege that [the employer] was aware of a 'continuing course of intentional conduct aimed specifically at [the] [p]laintiff,'" (2) the plaintiff did not allege that he complained to his employer about his supervisors' failure to enforce the policies and procedures that were in place to prevent injuries like the plaintiff's, and (3) the plaintiff did not cite any allegations demonstrating that the employer's "ratification occurred before his injury." *Id.* at 877 & n.2 (quoting *Palmer*, 758 P.2d at 892). The *Miller* court therefore dismissed the plaintiff's intentional misconduct claim. *Id.*

As in *Miller*, Pope's FAC fails plausibly to allege a "ratification" claim under *Palmer*. Although Pope alleges that Defendant failed adequately to screen Payne for employment and had notice before the January 31, 2021 altercation that Payne behaved inappropriately in the workplace, Pope does not allege that Defendant was aware of a continuing course of intentional conduct aimed specifically at Pope. Furthermore, although Pope alleges that Defendant attempted to cover up the January 31, 2021 altercation by providing false statements to an investigating police officer, courts have recognized that OR. REV. STAT. § 656.156(2) "does not permit liability when the employer ratifies the completed intentional torts of a co-worker." *Miller*, 434 F. Supp. 3d at 874; *see also Hanson v. Versarail Sys., Inc.*, 28 P.3d 626, 630 n.5 (Or.

Ct. App. 2001) (distinguishing *Palmer* because the plaintiff alleged that his employer only "became aware of the alleged assault after it occurred").

The Court concludes that the "deliberate intention of the employer" exception to the OWCA's exclusive remedy bar does not apply to Pope's intentional tort claims, and therefore the OWCA bars Pope's claims.[5] *See McCallum*, 2008 WL 4279810, at *15 (explaining that the exclusive remedy provision applies to "injuries arising out of workplace assault which grows out of quarrels at work, whether or not the subject matter of the quarrel is or is not directly related to work"); *Redman*, 943 P.2d at 213 (explaining that a claimant's "injury arises out of employment if the risk of injury results from the nature of the claimant's work or from the work environment," and stating that the relevant inquiry "does not require that the motivation for a co-employee's assault be an argument over job performance or some other work-related factor").

### C.    Leave to Amend

Defendant asks the Court to dismiss Pope's FAC "in its entirety and with prejudice." (Def.'s Mot. to Dismiss at 1.) Pope requests leave to amend his FAC if the Court determines there is a need for "clarification or more specificity." (Pl.'s Resp. at 25.) The Court grants Pope leave to amend his complaint, because it is not clear from the current record whether Pope could cure the defects identified herein by alleging additional facts in support of his claims. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

---

[5] In light of the Court's dismissal of all claims, it does not reach Defendant's alternative argument that Pope failed to state an invasion of privacy claim.

PAGE 12 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendant's motion to dismiss (ECF No. 8), and dismisses Pope's FAC. Pope may file a second amended complaint by August 6, 2021, if he is able to cure the deficiencies identified herein by alleging additional facts in good faith. Failure to file a timely second amended complaint will result in dismissal of this action, including dismissal of the intentional tort claims with prejudice and dismissal of the negligence claim without prejudice.[6]

DATED this 6th day of July, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[6] The Court agrees with Pope that pursuant to the reasoning in *Merten*, the Court must dismiss his negligence claim without prejudice "because he should be allowed to submit a workers' compensation claim to seek relief[.]" (Pl.'s Resp. at 23 n.6.)